UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-368 |
| | § | |
| CHRISTOPHER INCE, M.D. | § | |

**DEFENDANT CHRISTOPHER INCE, M.D.'S OPPOSED MOTION IN LIMINE TO
PRECLUDE THE GOVERNMENT FROM INTRODUCING HEARSAY STATEMENTS
OF <u>DEFENDANTS UNDER THE RESIDUAL HEARSAY EXCEPTION</u>**

Defendant Christopher Ince, M.D. ("Dr. Ince") files this Motion in Limine to preclude the

Government from introducing as evidence hearsay statements of Defendants Brian Swiencinski

and Christopher Ince under Rule 807 of the Federal Rules of Evidence's residual hearsay exception

through its witness Brad Madrid at trial.

## **INTRODUCTION**

On November 29, 2022 at 1:14 a.m., the Government served one modified exhibit (Govt.

Exhibit 305(a)) and 19 new exhibits Govt. Exhibits 706, 1147-1161). *See* November 29, 2022

email attached at **Exhibit 1**. A significant number of the aforementioned exhibits contain hearsay

statements of Defendants.

On December 1, 2022, the Government filed United States' Addendum to Third Amended

Exhibit List purporting to add additional exhibits (Govt. Exhibits 1162-1164) to the Government's

exhibit list.[1] Dkt. [366]. Based on the exhibits that have been provided by the Government, it is

reasonable to assume that the Government purports to offer or introduce as evidence hearsay

statements of Defendants under Rule 807's residual hearsay exception through Brad Madrid ("Mr.

Madrid") at trial. Such hearsay statements are inadmissible under Rule 807's residual hearsay

exception because testimony elicited from Mr. Madrid regarding the same will not have the

---

[1] Although the Government has filed an addendum to its exhibit list [Dkt. 366], the Government has failed to furnish copies of Govt. Exhibits 1162-1164. Counsel has also requested copies of the same to no avail. As such, counsel has not yet been able to review the contents of the same to determine if they contain hearsay statements of Defendants.

equivalent circumstantial guarantees of trustworthiness as required by Rule 807, among other things. Fed. R. Evid. 807. Further, even if the hearsay statements of Defendants were admissible under the residual hearsay exception (which they are not), the admissibility of such statements would violate the Confrontation Clause of the United States Constitution. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Accordingly, Defendant Ince respectfully requests that this Honorable Court enter an order precluding the Government from offering or introducing as evidence hearsay statements of the Defendants under Rule 807's residual hearsay exception through Mr. Madrid at trial.

## ARGUMENT & AUTHORITIES

I.   **Defendants' hearsay statements are inadmissible under the residual hearsay exception as Rule 807's requirements cannot be satisfied.**

Pursuant to Federal Rule of Evidence 801, out-of-court statements (including written statements) offered to prove the truth of the matter asserted constitute hearsay. Fed. R. Evid. 801. Unless covered by an exception to the hearsay rule (Rule 803) or the residual hearsay exception (Rule 807), such statements are inadmissible. Fed. R. Evid. 802. The hearsay statements of Defendants contained in the exhibits recently added to the Government's exhibit list fall squarely within the definition of hearsay as they are out-of-court statements offered to prove the truth of the matters asserted. Such statements also do not fall within the purview of any of the Rule 803 hearsay exceptions. or Rule 807's residual hearsay exception. *See generally* Fed. R. Evid. 803, 807.

Specifically, Rule 807's residual hearsay exception allows for the admission of hearsay statements that are not covered by another exception if the statement has "*equivalent circumstantial guarantees of trustworthiness*" and is "more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807; *see also United States v. El-Mezain*, 664 F.3d 467, 497 (5th Cir. 2011) (concluding the district court erred in finding the documents contain sufficient indicia of trustworthiness pursuant

2

to Rule 807's residual hearsay exception); *United States v. Ismoila*, 100 F.3d 380, 393 (5th Cir. 1996). However, "[t]he residual exception 'is to be used *only rarely, in truly exception cases*." *See United States v. Reed*, 908 F.3d 102, 120 (5th Cir. 2018) ("[The Fifth Circuit has] been clear that the residual hearsay exception 'is to be used only rarely, in truly exceptional cases'"); *El-Mezain*, 664 F.3d at 498; *United States v. Walker*, 410 F.3d 754, 757 (5th Cir. 2005) (emphasis added). Further, the proponent seeking to admit statements under the residual exception to the hearsay rule "bears the *heavy* burden to come forward with indicia of both trustworthiness and probative force." *See United States v. Phillips*, 219 F. 3d 404, 419 (5th Cir. 2000) (explaining Rule 807's residual hearsay exception, a statement not specifically covered by Rule 803 and 804 but having "equivalent circumstantial guarantees of trustworthiness," is not excluded by the hearsay rule, if the court determines: (1) the statement is offered as evidence of a material fact; (2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (3) the general purposes of these rules and the interests of justice will be best served by admission of the statement into evidence) *Id.* (emphasis added).

Courts focus on the "equivalent circumstantial guarantees of trustworthiness" requirement, which is the "lodestar of the residual hearsay exception analysis. *El-Mezain*, 664 F.3d at 498 (citing *Walker*, 410 F.3d at 758). "The determination of trustworthiness is drawn from the totality of the circumstances surrounding the making of the statement, but it cannot stem from other corroborating evidence." *United States v. Reed*, 908 F.3d 102, 120-21 (5th Cir. 2018) (citing *Ismolia*, 100 F. 3d at 393). "Evidence possessing 'particularized guarantees of trustworthiness' must be at least as reliable as evidence admitted under a firmly rooted hearsay exception … [and] must similarly be so trustworthy that adversarial testing would add little to its reliability." *El-Mezain*, 664 F.3d at 498 (citing *Idaho v. Wright*, 497 U.S. 805, 820-22 (1990).).

At trial, the Government presumably will seek to offer and introduce as evidence hearsay statements of the Defendants under Rule 807's residual hearsay exception through it witness Brad Madrid. Dr. Ince objects to the admission of testimony by Mr. Madrid regarding email communications between Defendant Brian Swiencinski and Dr. Ince to which Mr. Madrid is not a party for the truth of the matter asserted in the emails. Simply stated, the Government should not be allowed to offer or introduce as evidence hearsay statements of Defendants under the residual hearsay exception through Mr. Madrid simply based on him learning from a defendant that communications containing hearsay statements of Defendants were sent solely between Defendants. Specifically, at trial, the Government will presumably ask Mr. Madrid questions regarding such communications to which he has no knowledge regarding and to which he cannot provide the requisite guarantees as to the accuracy of such statements as expressly required by Rule 807's residual hearsay exception. The communications containing hearsay statement of Defendants do not provide material facts and are not more probative on the point for which it is offered than any other evidence which the Government can procure through reasonable efforts. Accordingly, the Government should be precluded from offering or introducing as evidence hearsay statements of Defendants under Rule 807's residual hearsay exception through Brad Madrid at trial.

## II.    The admissibility of hearsay statements of Defendants would violate the Confrontation Clause.

Even if Defendants' hearsay statements are admissible under the residual hearsay exception (which they are not), the admission of the same would impermissibly violate the Confrontation Clause of the United States Constitution. *See* U.S. Const. amend. VI; *Ismoila*, 100 F.3d at 393, (noting the two inquires with respect to the Confrontation Clause and the residual hearsay exceptions are not identical but that evidence admissible under the residual exceptions may still

4

violate the Confrontation Clause). The Sixth Amendment of the Constitution guarantees the rights of criminal defendants, including the right to confront a witness against him in a criminal action. U.S. Const. amend. VI. Further, under *Crawford*, out-of-court statements by a witness that are testimonial are barred under the Confrontation Clause, unless the witness is unavailable and defendant has had a prior opportunity to cross-examine on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts the witness, regardless of whether such statements are deemed reliable by the court. *See Crawford*, 541 U.S. at 53-54 ("Testimonial statements of witnesses absent from trial have been admitted only where the declarant is unavailable[] and … defendant has had a prior opportunity to cross-examine."). Moreover, the Supreme Court has indicated that where testimonial statements are at issue, the *only* indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution explicitly prescribes which is confrontation. *Id.* at 51, 53-54 ("Leaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices….").

Defendants have the right to confront a witness against him in a criminal proceeding. U.S. Const. amend. VI.  Plainly, such a right would be improperly eroded if hearsay statements of Defendants were to be admitted without Defendants being afford the opportunity to cross-examine the declarant of the statements. As such, the Government should be precluded from offering or introducing as evidence hearsay statements of Defendants through Mr. Madrid as it would violate the Confrontation Clause.

## CONCLUSION

For the reasons stated above, Defendant Christopher Ince, M.D. respectfully requests that the Court enter an order instructing and preclusion the Government from offering or introducing as evidence hearsay statements of Defendants through Brad Madrid as such statements are

inadmissible under Rule 807's residual hearsay exception and the admissibility of the same would violate the Confrontation Clause.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Samuel J. Louis*
Samuel J. Louis
Texas Bar No. 12588040
811 Main St., Suite 2500
HOLLAND & KNIGHT LLP
Houston, TX 77002
(713) 244-6860 (Telephone)
(713) 821-7001 (Facsimile)
samuel.louis@hklaw.com

Justo Mendez
State Bar No. 24057616
GREENSPOON MARDER LLP
 (281) 757-1305
justo.mendez@gmlaw.com

**ATTORNEYS FOR DEFENDANT
CHRISTOPHER INCE**

<u>**CERTIFICATE OF CONFERENCE**</u>

I hereby certify that on December 4, 2022, I conferred with Department of Justice regarding this motion and the Government is opposed.

*/s/ Samuel J. Louis*
**SAMUEL J. LOUIS**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 5, 2022 the foregoing has been served on counsel of record for the Government by Notice of Electronic Filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

*/s/ Samuel J. Louis*
**SAMUEL J. LOUIS**