UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §  CRIMINAL NO. 4:18-CR-00368 |
| | § |
| BRIAN SWIENCINSKI, | § |
| SCOTT BREIMEISTER, | § |
| CHRISTOPHER INCE, M.D., and | § |
| RONNIE MCADA, JR., | § |

**DEFENDANT CHRISTOPHER INCE MOTION TO DISMISS SUPERSEDING INDICTMENT AND BAR RETRIAL ON DUE PROCESS AND DOUBLE JEOPARDY AND OTHER APPROPRIATE RELIEF**

TO THE HONORABLE ALFRED H. BENNETT

Defendant Christopher Ince files this motion to dismiss the superseding indictment with prejudice on the basis of persistent and pervasive misconduct by the government, before and during trial, designed and intended to gain a tactical advantage. Such conducted violated his due process rights. As the steady drumbeat of Brady and Giglio violations developed during trial, this Court was forced to terminate the trial as the only remedy available to protect the integrity of rule of law and due process rights of Doctor Ince. The only curative remedy to fully address the government's misconduct is a dismissal with prejudice and bar a retrial. Doctor Ince fully adopts Defendant Scott Breimeister's Motion to Bar a Retrial, Based on Double Jeopardy, To Dismiss Superseding Indictment Based on Outrageous Government Conduct, or For Other Relief (*See* ECF No. 428) and Defendant Ronnie McAda, Jr.'s Motion to Dismiss the Superseding Indictment, To Bar Retrial Based on Double Jeopardy, and For Other Relief (*See* ECF 444). Doctor Ince is aware of the rare use of dismissal with prejudice as a sanction for due process violations, but submits such request is supported by the record before this Court.

I.

**INTRODUCTION**

The government's conduct, when viewed in totality, reflects persistent and pervasive abuses designed to gain an unfair advantage while undermining the due process rights of Doctor Ince. The conduct at issue involves:

(1) Notice of Intent to Call to Dr. Stephen Thomas as an expert Witness regarding the pharmacology and efficacy of compounded drugs prescribed by Doctor Ince and testify that such drugs have no therapeutic effect when in fact Dr. Thomas falsified his credentials and committed perjury in regard to testimony elicited from him by the government in numerous federal prosecutions involving healthcare fraud.

(2) Failing to correct testimony elicited from government witness William Chan, a forensic accountant, regarding the preparation of summary charts and information relied upon to prepare charts of purported financial relationships between codefendants. Prosecutors also attempted to conceal information when Ordered by the Court to produce notes relied upon or prepared by Mr. Chan.

(3) Intentionally offering misleading and inaccurate financial information and soliciting inaccurate testimony from William Chan regarding money received by Dr. Ince from codefendant Brian Swiencinski and correlation with patient prescription referrals to labs owned and operated by Swiencinski.

(4) Suppression of multiple reports of investigation ("302s") from the defense for key government witnesses supporting defensive theories of defendants, and revealed to prosecutors during witness preparation, but no attempt to disclose or correct witness testimony by prosecutors.

(5) Failing to obtain government witness Terry Brickman's medical records when requested by the defense regarding whether the treatment he received from his primary care physician involved lidocaine. During testimony elicited by the government, Brickman denied every receiving lidocaine from his doctors. However, after his testimony, counsel for Swiencinski obtained Brickman's medical records reflecting he receive lidocaine cream from his physician. The Justice Manual required the government to obtain such impeachment and exculpatory information and produce to defense.

(6) Securing defense agreement to pre-admit prior to trial pharmacy claims data received by prosecutors from Pharmacy Benefit Managers ("PBM's") while simultaneously in possession of information from the same PBM's expressing concerns about reliability of data which was not disclosed.

(7) Falsely representing to the jury that amount of loss to federal or commercial healthcare benefits programs attributed individually to Dr. Ince and collectively by all codefendants; and

(8) On several occasions, failing to disclose information favorable to one or more defendants obtained by agents and prosecutors during pretrial interviews with witnesses to be called at trial, producing 302s which omitted the favorable information and the concealment by prosecutors during the trial testimony of these witnesses. The affected government witnesses were Leo Car, Stacey Mayeur, and Brad Madrid. Such information went to the heart of one or more defensive theories.

This list of abuses by the government do not relay the significance of the deprivation of Dr. Ince due process rights but provides more than ample basis for this Court to exercise its supervisory powers to protect the integrity of the rule of law and due process by imposing the ultimate sanction of dismissal of the superseding indictment with prejudice. The remedy cannot and should not be simply a stern reprimand and rebuke from the Court and allow the government to see if it can conform to the expected norms and rules in a subsequent trial against Dr. Ince.

II.

**ARGUMENT AND AUTHORITY**

Under the dictates of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the government violates a defendant's due process rights if it withholds evidence that is favorable to the accused and material to the defendant's guilt or punishment. *United States v. Swenson*, 894 F.3d 677 (2018). The good faith or motivation for withholding evidence is immaterial and extends to impeachment evidence as well as exculpatory evidence. Id at 683; See also *Youngblood v. West Virginia*, 547 U.S. 867,869, 126 S.Ct. 2188, 165 L.Ed.2d 269 (2006). Although the usual remedy for a Brady violation is a new trial, a dismissal with prejudice is not foreclosed when the government's ineptitude and carelessness is so abhorrent. *Swenson* citing *United States v. Fulmer*, 722 F.2d 1192 F.2d 1192, 1196 (5th Cir. 1093) Dismissal is appropriate

when defendant's case has been unfairly prejudiced. *United States v. McKenzie*, 678 F.2d 629,631 (5th Cir. 1982).

The government's actions of requesting a dismissal of the superseding indictment with prejudice against co-defendant Vladmir Redko during trial and acknowledgement to the Court concerning the basis for dismissal is an admission that the government's conduct unfairly prejudiced Redko. The government's Bench Memorandum to this Court stated, *"As a result of some discrepancies, specifically a discrepancy between an interview report and the rough notes for an interview of cooperator Leonard Carr regarding Dr. Redko prescriptions, the trail teams moved to dismiss counts against Dr. Redko."* (Memorandum filed under Seal). Dr. Ince argues that multiple omissions, discrepancies, improprieties, ineptitudes, and discovery violations result in actual and unfair prejudice against him and likewise warrant dismissal of all charges. During the six-week trial, the government presented no witness to establish Dr. Ince authorized any of the prescriptions bearing his signature related to the out of state patients. This proof issue is magnified by the testimony of government witnesses Leonard Carr and Stacy Mayeur who acknowledged that forgeries of physician's signature was commonplace. This glaring whole in the government's case was clearly well known to them as they prepared for trial. The statements provided by Leo Car, Stacy Mayeur and Brad Madrid which was not disclosed by the government, but discovered by the defense after this Court required the production of agent's rough notes, were made in the presence of the prosecutors as they pressed these witnesses for every word or action attributed to Dr. Ince that would support the allegations in the indictment. It is inconceivable that seasoned prosecutors would seemingly forget, not recognize, or not be concerned about statements provided during trial prep which would negate one or multiple government theories of prosecution and/or exculpate the culpability of one or more defendants. It is so transparent that the government needed

4

testimony to flow in a certain manner and when provided the opportunity to correct false impressions and statements of several witnesses, chose to stand silent and allow the jury to receive and process false narratives.

The government, in the face of significant violations of *Brady*, has argued against conducting an evidentiary hearing, against an *in camera* review of Grand Jury transcripts and against the dismissal of the superseding indictment. The government characterizes or attempts to mischaracterize the misconduct as a series of unrelated, unintentional missteps of well-meaning prosecutors. The government, however, has provided no substantive explanation regarding the abject failure of the prosecution team to attempt to correct the consistent inaccurate and incomplete testimony elicited from its witnesses. The government also has provided no substantive explanation regarding pretrial disclosures of favorable and impeachment information to prosecutors and why they failed to disclose to the defense. The government has been less than transparent regarding any substantive investigation for such violations and sanctions imposed other than to praise the trial team and assign them to conduct other investigations.

This dismissal of the superseding indictment is the only sanction available to preserve and protect the integrity of the criminal process and due process rights of the defendant. Otherwise, the government suffers no real or substantial sanction.

III.

**ALTERNATIVE RELIEF**

If this Court finds the arguments raised in the motion unpersuasive to warrant dismissal of the superseding Indictment with prejudice, Dr. Ince request and adopts alternative relief articulated in defendant Breimeister's Motion to Dismiss and request:

    1       Limit the presentation of evidence by the Government as a punitive sanction.

2       Provide limiting instruction to the jury regarding receiving testimony of government witnesses and impeachment of such witnesses with previously withheld information.

3       Restrict the introduction of testimony through government witnesses wherein statements and reports of interviews were withheld.

IV.

## CONCLUSION

The government's conduct with the respect to repeated discovery violations, sanctioning misleading and inaccurate testimony to the jury and withholding information favorable to Dr. Ince caused substantial prejudice and the only available remedy is dismissal of the Indictment with prejudice.

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

*/s/ Samuel J. Louis*
Samuel J. Louis
Texas Bar No. 12588040
811 Main St., Suite 4300
Houston, Texas 77002
(713) 821-7000 (Telephone)
(713) 821-7001 (Facsimile)
samuel.louis@hklaw.com

Justo Mendez
Texas Bar No. 24057616
Greenspoon Marder
905 Queen Annes Rd.
Houston, Texas 77024
(281) 757-1305
justo.mendez@gmlaw.com

**ATTORNEYS FOR DEFENDANT CHRISTOPHER INCE, M.D.**

**CERTIFICATE OF CONFERENCE**

Counsel for Defendant Christopher Ince, M.D. has conferred with Government Counsel and the Government is opposed with regard to this Motion.

/s/ *Samuel J. Louis*
**SAMUEL J. LOUIS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2022, the foregoing has been served on counsel of record by Notice of Electronic filing via CM/ECF, in accordance with the Federal Rules of Criminal Procedure.

/s/ *Samuel J. Louis*
**SAMUEL J. LOUIS**