IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Case No. 4:18-CR-00368 |
| BRIAN SWIENCINSKI (01)<br>SCOTT BREIMEISTER (02)<br>CHRISTOPHER INCE, MD (04)<br>RONNIE MCADA, JR. (05) | § § § § § | |

**DEFENDANTS CHRISTOPHER INCE, MD AND RONNIE MCADA, JR.'S
RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION OF
APPLICATION OF THE SPEEDY TRIAL ACT**

Defendants Christopher Ince, MD and Ronnie McAda, Jr. submit this response to the government's Opposed Motion for Clarification of Application of the Speedy Trial Act as to Defendants Ince and McAda.

## I.  INTRODUCTION

For nearly four years, Dr. Ince and Mr. McAda have lived under indictment. This includes four years of the stress of living under federal criminal charges, the obliteration of their reputations and professional lives, and overwhelming and mounting attorneys' fees. For years these men have endured the substantial impairment of liberty and disruption of life caused by their arrests and these unresolved criminal charges—the only criminal charges either has faced in their lives. The only reason the pending case was not resolved at the first trial was due to the government's misconduct.

Now, Dr. Ince and Mr. McAda are poised to endure months more of this ongoing harm and disruption while their co-defendants litigate their interlocutory appeals. Each period of delay, including the present one, has been contrary to Dr. Ince and Mr. McAda's desire to have their day

in court in a timely fashion. Further, the current delay is contrary to the spirit of their respective Sixth Amendment rights to a speedy trial and the Speedy Trial Act.[1]

## II. PROCEDURAL BACKGROUND

The first trial commenced on November 8, 2022. The Court declared a *sua sponte* mistrial on December 13, 2022 because of prosecutorial misconduct in the course of trial. The only reason the defendants did not have a final resolution at their first trial, and consequently the only reason this matter is still pending, is the government's conduct during and before that trial.

Here, the dispute on the government's current Speedy Trial Act motion is narrow. The time period between the Court's Order on the defendants' Motion to Dismiss the Indictment based on double jeopardy and prosecutorial misconduct (ECF No. 513) until certain defendants filed an interlocutory appeal (ECF Nos. 515, 518, 523) does not constitute excludable time under the Speedy Trial Act, 18 U.S.C. §§ 3161 – 3174. That is, the brief time period from June 27, 2023 until July 7, 2023 is not excludable time under the Act.

Ironically, the government's argument to exclude this time from the Speedy Trial Act computations is based on what it characterizes as the interests of justice. But the interests of justice do not support exclusion of that period of time. The government's conduct, alone, necessitated a retrial after a month and a half of trial. After doing so, the government has no ground on which to stand to argue "the interests of justice." Further, the case law plainly supports inclusion, not exclusion, of this time period under the Speedy Trial Act's calculations.

---

[1] In instances of sufficient prejudice, a remedy for non-appealing co-defendants is severance from the appealing co-defendants. *See* 18 U.S.C. § 3161(h)(7); *see also United States v. Dennis*, 737 F.2d 617, 621 (7th Cir. 1984) (holding the date at which defendants' joinder ends, whether due to severance or otherwise, is the date when the Speedy Trial Act time begins accruing). Dr. Ince and Mr. McAda will seek this remedy in a separate filing.

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION OF APPLICATION OF THE SPEEDY TRIAL ACT– PAGE 2

### III. ARGUMENT

#### A. June 27, 2023 until July 7, 2023 is Not Excludable Time Under the Speedy Trial Act.

The ten days between June 27, 2023 and July 7, 2023 is not excludable under the Speedy Trial Act. It is well-founded that a defendant's right to a speedy trial is revived by the declaration of a mistrial. *See United States v. Kingston*, 875 F.2d 1091, 1107 (5th Cir. 1989). However, "various events in the pre-trial process" pause the Speedy Trial Act clock. *Id*. These events include pretrial motions and interlocutory appeals. 18 U.S.C. § 3161(h)(1)(C) and (D). Otherwise, absent intervening events, a defendant must be tried within 70 days of indictment. 18 U.S.C. § 3161(c)(1).

However, the time period between a district court's order and the filing of an interlocutory appeal is not excluded from the 70-day Speedy Trial Act calculation. "[A] district court's order on such a pretrial motion ends the period of excludable time and causes a defendant's STA clock to resume running." *United States v. Pete*, 525 F.3d 844, 848 n. 5 (9th Cir. 2008); *see also United States v. Pelfrey*, 822 F.2d 628, 635 (6th Cir. 1987) (holding that the time period from the date which the substantive pre-trial motions were decided until an interlocutory appeal is not excludable). Only an intervening event pauses the Speedy Trial Act clock, and the clock restarts once pretrial motions are decided. *Id.* at 635.

Here, the ten days between June 27, 2023 and July 7, 2023 are not excludable under the Speedy Trial Act. There was no intervening event pausing the Act's clock after the Court's disposition of the Defendants' Motions to Dismiss for Outrageous Government Misconduct and Double Jeopardy and the interlocutory appeal.

While the Court denied the defendants' respective motions to dismiss, it was still considering (and still is) what relief the defendants are entitled to as a consequence of the government's misconduct. ECF No. 503. However, the defendants moved to dismiss the

superseding indictment because the government's actions warranted that relief; they only sought ancillary relief because the Court requested it. Therefore, as a consequence of the Court's request, not that of the defendants, consideration of the framework of a potential retrial is necessary.[2]

Moreover, even the government concedes that the Court's consideration of the framework of a potential retrial "may not technically fall within" the Speedy Trial Act's exclusions. ECF No. 573 at 6. The government concedes this because it was not a pretrial motion, nor relief requested by any of the defendants.[3]

### B. The Ends of Justice Do Not Support Exclusion Under the Speedy Trial Act.

Alternatively, the government argues that the ends of justice should toll the Speedy Trial Act clock despite clear case law holding otherwise. In support, it cites *United States v. Westbrook*, a dissimilar case that did not include an interlocutory appeal, for the proposition that defendants cannot turn the benefit of a continuance into an error. 119 F.3d 1176, 1188 (5th Cir. 1997). But the government's contention is meritless. There was no continuance in this case. Instead, the government's misconduct caused a mistrial that was granted over the defendants' objections.

At no point have Dr. Ince or Mr. McAda benefitted from the government's misconduct. Instead, they and their co-defendants have been profoundly harmed by it, suffering severe and ongoing prejudice as a direct consequence of the government's misconduct.

There is clear law that states the time period between a district court's order and the filing

---

[2] Further, well over 30 days has passed since the Court ruled on the Motions to Dismiss and stated it is still considering the framework of a retrial. While considering the framework of a retrial is not a pre-trial motion, the time period is not excludable because the time period for which the Court has taken the framework of a retrial under advisement exceeds 30 days. *See* 18 U.S.C. § 3161(h)(1)(H) (stating an excludable delay only includes: "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.").

[3] Dr. Ince and Mr. McAda agree with most of the contentions in Mr. Breimeister's recently filed objections. *See* ECF No. 513. However, the only pending ruling—the potential framework for a retrial, which the Court intimated was still pending—is not a pretrial motion.

**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION OF APPLICATION OF THE SPEEDY TRIAL ACT– PAGE 4**

of an interlocutory appeal is time included under the Speedy Trial Act. Therefore, the government's argument that the oft-neglected "ends of justice" require exclusion from the Speedy Trial Act's clock is without merit. The time period between June 27, 2023 until July 7, 2023 is not excludable from the Speedy Trial Act's 70-day time requirement.

## IV. <u>CONCLUSION</u>

Based on the foregoing, the defendants request that the time period between June 27, 2023 until July 7, 2023 is not excluded from any calculation of time under the Speedy Trial Act.

Dated: September 11, 2023.

Respectfully submitted,

<u>/s/ Samuel Louis</u>
Samuel Louis
Texas Bar No. 12588040
samuel.louis@hklaw.com
**HOLLAND & KNIGHT LLP**
811 Main Street, Suite 2500
Houston, Texas 77002
713.244.6861
**ATTORNEYS FOR CHRISTOPHER INCE, MD**

<u>/s/ Jeff Ansley</u>
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
Samuel M. Deau
Texas Bar No. 24135506
sdeau@vedderprice.com
**VEDDER PRICE PC**
300 Crescent Court, Suite 400
Dallas, Texas 75201
469.895.4790
**ATTORNEYS FOR RONNIE MCADA, JR.**

## **CERTIFICATE OF SERVICE**

   I certify that on September 11, 2023, I electronically transmitted the foregoing document to the Clerk for the U.S. District Court, Southern District of Texas, using the ECF system of the Court.

                   */s/ Jeff Ansley*
                   Jeffrey J. Ansley