UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § | Criminal No. 18-CR-368 |
| § | |
| BRIAN SWIENCINSKI, § | |
| SCOTT BREIMEISTER, § | |
| CHRISTOPHER INCE, and § | |
| RONNIE MCADA, § | |
| § | |
| Defendants. § | |

## UNITED STATES' UNOPPOSED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the undersigned counsel, respectfully submits this unopposed motion to exclude time under the Speedy Trial Act as to Defendant Christopher Ince ("Ince").

On December 20, 2023, the Court held a hearing on Ince's Motion for Severance and Request for Hearing on Setting a Trial Date (Dkt. No. 580), which Defendant Ronnie McAda, Jr. had joined.  At the hearing, the Court identified February 12, 2024, as a potential trial date for Ince and McAda.  *See* Minute Entry (Dec. 20, 2023).

Following the December hearing, the Government and counsel for Ince began to hold plea discussions.

On January 10, 2024, pursuant to Ince's motion, the Court severed the allegations against Ince and McAda and ordered that they be tried together, separately from Defendants Brian Swiencinski and Scott Breiemeister.  *See* Dkt. No. 594 at 5.  On February 2, 2024, Swiencinski and McAda pleaded guilty pursuant to plea agreements.

Since December 20, 2023, the Government and counsel for Ince have met and conferred multiple times.  The parties intend to engage in further negotiations, and both Ince and the

1

Government desire additional time to negotiate, which may render a trial on the charges against Ince unnecessary. If negotiations reach an impasse, the parties will notify the Court to request a trial date. Pursuant to 18 U.S.C. § 3161(h)(7), the ends of justice served by continuing the trial in this case outweigh the interest of the public and Defendant in a speedy trial in light of the ongoing plea negotiations which may make trial of this matter unnecessary and which have been the parties' focus since the date of severance.

Accordingly, the parties respectfully request that the Court make a finding that time between January 10, 2024, and February 22, 2024, is excluded under 18 U.S.C. § 3161(h)(7) because the ends of justice support an exclusion of time. *See Zedner v. United States*, 547 U.S. 489, 506–07 (2006) (recognizing flexibility in when the court documents the exclusion of time under the Speedy Trial Act, so long as it was "in the judge's mind" at the time the continuance was granted).

Counsel for Ince does not oppose the relief requested in this motion.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:   /s/ Kelly M. Warner
      Kelly M. Warner
      Nicholas K. Peone
      Trial Attorneys
      Fraud Section, Criminal Division
      U.S. Department of Justice
      1000 Louisiana, Suite 2300
      Houston, Texas 77002
      (202) 603-3180
      kelly.warner@usdoj.gov

Dated: February 21, 2024

**CERTIFICATE OF CONFERENCE**

I hereby certify that on February 20, 2024, counsel for the United States consulted with counsel for Christopher Ince, who indicated they do not oppose the motion.

/s/ Kelly M. Warner
Kelly M. Warner
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1000 Louisiana, Suite 2300
Houston, Texas 77002
(202) 603-3180
kelly.warner@usdoj.gov