# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **Criminal No. 18-CR-368** |
| | § | |
| **CHRISTOPHER INCE** | § | |
| | § | |
| **Defendants.** | § | |

## UNITED STATES' OPPOSED MOTION TO
## EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through the undersigned counsel, respectfully submits this opposed motion to exclude time under the Speedy Trial Act as to Defendant Christopher Ince ("Ince").

## BACKGROUND

On December 20, 2023, the Court held a hearing on Ince's Motion for Severance and Request for Hearing on Setting a Trial Date (Dkt. No. 580), which Defendant Ronnie McAda, Jr. had joined.  At the hearing, the Court identified February 12, 2024, as a potential trial date for Ince and McAda.  *See* Minute Entry (Dec. 20, 2023).  Following the December hearing, the Government and counsel for Ince began to hold plea discussions.

On January 10, 2024, pursuant to Ince's motion, the Court severed the allegations against Ince and McAda and ordered that they be tried together, separately from Defendants Brian Swiencinski and Scott Breiemeister.  *See* Dkt. No. 594 at 5.  On February 2, 2024, Swiencinski and McAda pleaded guilty pursuant to plea agreements.

On February 21, 2024, the United States filed an unopposed motion to exclude the time between January 10, 2024, and February 22, 2024 under 18 U.S.C. § 3161(h)(7) due to the parties' plea discussions.  *See* Dkt. No. 606.

1

On February 23, 2024, counsel for Ince notified the Court that the parties had reached an impasse in plea negotiations and requested the Court "schedule a pretrial hearing and set a trial date at the earliest available setting." Dkt. No. 607. The Government filed a response to Ince's motion. *See* Dkt. No. 608.

On February 27, 2024, the Court granted the Government's unopposed motion to exclude the time between January 10, 2024, and February 22, 2024 under 18 U.S.C. § 3161(h)(7). *See* Dkt. No. 611.

On March 5, 2024, the Court set a status conference for April 5, 2024. *See* Dkt. No. 613.

On or about March 5, 2024, counsel for Ince engaged with counsel for the government regarding an alternative disposition. After multiple meetings, the parties began discussing potential plea terms and the verbiage of a potential plea agreement and superseding information.

On April 3, 2024, counsel for Ince contacted the Court to request a one-week continuance of the April 5, 2024 status conference. Counsel for Ince noted, *inter alia*, that "[s]ince the last hearing before the Court on December 20, 2023, counsel for Dr. Ince and the Government have engaged in discussions regarding the resolution of the pending case" but "need additional time to finalize the terms of a plea." The Court subsequently re-set the status conference for April 12, 2024. *See* Dkt. No. 625.

On April 10, 2024, the Government requested the April 12, 2024, status conference be rescheduled in light of ongoing plea discussions. The Court re-set the status conference for May 3, 2024. *See* Dkt. No. 626.

As of April 25, 2024, the terms of a plea agreement have been approved by the U.S. Attorney's Office and are being reviewed and considered by the head of the Criminal Division.

**LEGAL STANDARD**

Under the Speedy Trial Act, following the declaration of a mistrial, "trial shall commence within seventy days from the date the action occasioning the retrial becomes final."  18 U.S.C. § 3161(c).  Periods of delay enumerated in 18 U.S.C. § 3161(h) are excluded in computing time limitations.  *See* 18 U.S.C. § 3161(e).  Allowable justifications for delay include: (a) "Any period of delay resulting from *other* proceedings concerning the defendant, *including but not limited to*" those enumerated in 18 U.S.C. § 3161(h)(1) (emphases added); and (b) when the ends of justice are served by exclusion (*see* 18 U.S.C. § 3161(h)(7)).

**ARGUMENT**

The Government respectfully requests that the Court enter an order excluding the time between February 23, 2024, and May 3, 2024.

First, as an initial matter, the time period from February 23, 2024, until May 3, 2024, is automatically excluded as a result of Ince's Motion Requesting a Pretrial Hearing and Setting a Trial Date, Dkt. No. 607.  Under 18 U.S.C. § 3161(h)(1)(D), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is automatically excluded.  *See United States v. Green*, 508 F.3d 195, 200 (5th Cir. 2007) ("[A]ny pretrial motion, including a motion to set a trial date, tolls the speedy trial clock automatically, and the Government is not required to prove that the motion actually delayed trial.").  Ince filed his motion requesting a pretrial conference and trial date on February 23, 2024, and the Court has neither granted nor denied that motion.  If plea negotiations fail to conclude by the status conference set for May 3, 2024, the Court may, with the defense's concurrence, continue the hearing to a future date.  Or, if the plea negotiations fail in advance of the status conference, the Court will, presumably, use that time to set a trial date after consulting

the parties on their availability.  *See United States v. Johnson*, 29 F.3d 940, 942–43 (5th Cir. 1994) ("[I]f a motion requires a hearing, [the pretrial motion exclusion applies to] the time between the filing of the motion and the hearing on that motion, even if a delay between the motion and the hearing is unreasonable.").  Thus, the period from February 23, 2024, until at least May 3, 2024, is automatically excluded under 18 U.S.C. § 3161(h)(1)(D).

Second, and alternatively, the time period from March 5, 2024, until May 3, 2024, should be excluded under 18 U.S.C. § 3161(h)(1) due to the parties' plea negotiations.  Although the Fifth Circuit has not squarely addressed whether plea discussions constitute an "other proceeding" that tolls the Speedy Trial clock, "other circuits have concluded that . . . [plea discussions] may be excludable as 'one of many 'other proceedings' noted by' the [Speedy Trial] Act . . . ."  *United States v. Dignam*, 716 F.3d 915, 924 n.6 (5th Cir. 2013) (citations omitted); *see, e.g.*, *United States v. Van Someren*, 118 F.3d 1214, 1218–19 (8th Cir. 1997) ("[W]e exclude the plea negotiations as a 'proceeding involving defendant' under § 3161(h)(1).");  *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987) (concluding "the plea bargaining process can qualify as one of many 'other proceedings'" contemplated by the Speedy Trial Act that warrant excluding time under § 3161(h)(1)");  *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987) ("The plea bargaining process also can qualify as one of many 'other proceedings' under the generic exclusion of section 3161(h)(1).").  Here, the parties have been engaged in discussions to resolve the criminal charges against Ince from March 5, 2024, until the present.  Regardless of whether these discussions culminate in a signed plea agreement, they constitute "other proceedings concerning the defendant" under 18 U.S.C. § 3161(h)(1) that support excluding time under the Speedy Trial Act.

Third, and alternatively, the time period from March 5, 2024, until May 3, 2024, should be excluded under 18 U.S.C. § 3161(h)(7) due to the parties' plea negotiations.  The Fifth Circuit has

upheld a district court's determination that the ends of justice were served by exclusion of time for plea discussions, even when those discussions did not result in a signed plea agreement.  *See United States v. Williams*, 12 F.3d 452, 460 (5th Cir. 1994) ("The plea negotiations favored both sides; we cannot say upon review that justice was not served by granting a continuance after those negotiations broke down. We uphold the court's determination that the clock was properly tolled in these circumstances.").  In this case, plea discussions have been a joint, good faith effort by the parties to resolve the charges against Ince.  Pursuant to 18 U.S.C. § 3161(h)(7), the ends of justice served by continuing the trial in this case outweigh the interest of the public and Defendant in a speedy trial in light of the ongoing state of plea negotiations which may make trial of this matter unnecessary and which have been the parties' focus since the date of severance.

Accordingly, the Government respectfully requests that the Court make a finding that time between February 23, 2024, and May 3, 2024, is excluded under the Speedy Trial Act.

Respectfully submitted,

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

By:   */s/ Kelly M. Warner*
Kelly M. Warner
Nicholas K. Peone
Trial Attorneys
Fraud Section, Criminal Division
U.S. Department of Justice
1000 Louisiana, Suite 2300
Houston, Texas 77002
(202) 603-3180
kelly.warner@usdoj.gov

Dated: April 25, 2024

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on April 23, 2024, counsel for the United States consulted with counsel for Christopher Ince, who indicated they oppose this motion.

*/s/ Kelly M. Warner*
Kelly M. Warner
Trial Attorney
Fraud Section, Criminal Division
U.S. Department of Justice
1000 Louisiana, Suite 2300
Houston, Texas 77002
(202) 603-3180
kelly.warner@usdoj.gov
